# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1352

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Thomas J. Bernard, | * | District of Nebraska. |
| | * | |
| Appellant. | * | |

_____

Submitted: October 21, 2003

Filed: December 8, 2003

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Thomas Bernard (Bernard) appeals the district court's[1] dismissal of his 28 U.S.C § 2255 habeas motion challenging a restitution order in excess of $27,000,000. The district court concluded the relief sought by Bernard was beyond the scope of the statute. We agree and affirm.

_____

[1]Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

In July 2000, Bernard pled guilty to two counts of bank fraud. The district court held an evidentiary hearing and determined the amount of loss exceeded $20,000,000. The court sentenced Bernard to 54 months imprisonment and ordered restitution in the amount of $27,534,980.03. Bernard did not file a direct appeal.

In December 2001, Bernard filed a 28 U.S.C. § 2255 motion challenging his restitution order on the basis the district court failed to consider evidence of Bernard's ability to pay restitution, as required by 18 U.S.C. §§ 3663(a)(1) and 3664(a). The district court granted Bernard an evidentiary hearing, and the government filed a motion to dismiss for lack of jurisdiction. Although the district court did not adopt the government's argument that the court lacked subject matter jurisdiction, the district court dismissed Bernard's habeas motion, ruling that 28 U.S.C. § 2255 "cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence." The district court concluded that, upon Bernard's release from prison, 18 U.S.C. § 3664(k) would provide an appropriate remedy.[2]

The issue of whether 28 U.S.C. § 2255 affords relief to a prisoner challenging the restitution portion of his sentence is one of first impression in this circuit. We believe the plain and unambiguous language of the statute–"[a] prisoner in custody . . . claiming the right to be released"–precludes a restitution challenge. We join a majority of circuits in holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody. See Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999); United States v. Hatten, 167 F.3d 884, 887 (5th Cir. 1999); Blaik v. United States, 161 F.3d 1341, 1342 (11th Cir. 1998); Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997); Smullen v. United States, 94 F.3d 20, 25 (1st Cir.

---

[2]Although not necessary to our holding, we believe the district court's conclusion, that 18 U.S.C. § 3664(k) is an appropriate future remedy, is correct.

1996); see also Obado v. New Jersey, 328 F.3d 716, 717-18 (3d Cir. 2003); cf. United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995) (concluding habeas movant was precluded from challenging the imposition of a fine and supervised release in a 28 U.S.C. § 2255 motion); but see Weinberger v. United States, 268 F.3d 346, 351 n.1 (6th Cir. 2001) (finding an ineffective assistance of counsel claim regarding restitution is cognizable under 28 U.S.C. § 2255).  Because the relief Bernard requests does not qualify as a "right to be released," as dictated by 28 U.S.C. § 2255, we affirm the dismissal of his habeas motion.

———————————————————