# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1510

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Israel Chacon-Vega, | * | Western District of Arkansas. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: January 31, 2008
Filed: February 6, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Israel Chacon-Vega, a federal inmate incarcerated in Pennsylvania, appeals the judgment of the district court denying his "Petition for a Waiver" of a $1,000 fine imposed as part of the sentence he received in 2005 upon pleading guilty to an immigration offense. Because he did not directly appeal his 2005 sentence, it is now final and non-appealable.

After careful review of the record and considering all plausible constructions of Chacon-Vega's petition, we conclude that the district court lacked jurisdiction to rule on it. See Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (pro se complaint should be given liberal construction); Thomas v. Basham, 931 F.3d 521, 523 (8th Cir.

1991) ("jurisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking"). First, only the government may bring a petition to remit a fine under 18 U.S.C. § 3573. See United States v. Linker, 920 F.2d 1, 1-2 (7th Cir. 1990) (under current version of § 3573, defendant has no right to request remission of fine). Further, a petition under 28 U.S.C. § 2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated. See Lee v. Wetzel, 244 F.3d 370, 373-74 (5th Cir. 2001) ("we have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition"); United States v. Leath, 711 F.2d 119, 120 (8th Cir. 1983) (case remanded to district court to dismiss for lack of jurisdiction because petitioner, who was challenging execution of his sentence under § 2241, did not file action in district where he was confined); cf. Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002) (where petitioners correctly framed claims regarding fine payment schedules as § 2241 claims and brought them in district where petitioners were incarcerated, district court erred in holding it did not have jurisdiction over such claims). Finally, a challenge to the imposition of a fine is not cognizable in a 28 U.S.C. § 2255 proceeding. Cf. United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003) (inmate cannot challenge restitution portion of his sentence using § 2255 because statute affords relief only to prisoners claiming right to be released from custody).

Accordingly, the judgment of the district court is vacated, and the case is remanded to the district court with instructions to dismiss the petition without prejudice.

_____