FILED
United States Court of Appeals
Tenth Circuit

April 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM R. SATTERFIELD,

        Petitioner-Appellant,

v.

JOSEPH SCIBANA, Warden,

        Respondent-Appellee.

No. 07-6292

Western District of Oklahoma

(D.C. No. 5:07-CV-00772-HE)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON** and **McCONNELL**, Circuit Judges.

William Satterfield pled guilty to federal charges of conspiracy and

odometer tampering and signed a waiver of his rights to direct appeal and

collateral attack. This is his second attempt to collaterally attack that conviction

and sentence, and we conclude that it lacks merit.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Satterfield bought, refurbished, and sold classic automobiles. It was important, he said, to create "the appearance of the mileage of a special interest, antique vehicle" as a matter of "cosmetic appearance." Petr.'s Br. 2. But Mr. Satterfield apparently went beyond buffing the chrome, and the government charged him with odometer tampering, a federal crime. On the advice of counsel, Mr. Satterfield admitted that he had tampered with the odometers in 424 used vehicles, and pled guilty to a single count of conspiracy, 18 U.S.C. § 371, and two counts of odometer tampering, 49 U.S.C. § 32703(2). He received one 50-month sentence (with three years of supervised release) and two 36-month sentences (with one year each of supervised release), to run concurrently. He also was ordered to pay over $1.3 million in restitution.

Mr. Satterfield's plea agreement waived his right to direct appeal and collateral attack. He did not directly appeal, but did collaterally attack his sentence and conviction on four grounds under 28 U.S.C. § 2255. We rejected his § 2255 challenges in *United States v. Satterfield*, 218 F. App'x. 794 (10th Cir. 2007) (unpublished). There, we refused to grant a certificate of appealability for two of his claims—that he had waived his rights unknowingly because his counsel was ineffective, and that the district court had been wrong to adopt his pre-sentence report as a factual finding—because he had failed to show ineffectiveness of counsel sufficient to set aside the collateral attack waiver in his plea agreement. *Id.* at 796. His other two claims were challenges to the million-

dollar restitution order—that it violated the Ex Post Facto Clause of the Constitution, and that it miscalculated the amount of loss and was therefore excessive. We had granted a certificate of appealability, but held that a prisoner "cannot challenge the amount of restitution awarded by way of a § 2255 motion . . . because he is not claiming the right to be released from custody based on his claim." *Id.* (internal quotation marks omitted) (citing *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003)).

Mr. Satterfield now tries again, bringing the same four challenges under 28 U.S.C. § 2241 rather than § 2255. The district court rejected these claims. A petitioner is barred from bringing a claim under § 2241 if relief under § 2255 is available unless he shows that § 2255 is not an adequate vehicle for his claims, 28 U.S.C. § 2255(e), and the court held that Mr. Satterfield had not demonstrated § 2255's inadequacy. It is not sufficient for a petitioner to show that his earlier motion was denied; that might mean only that his claims lacked merit, not that § 2255 was an inadequate procedure for bringing them. *Id.*; *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Mr. Satterfield appeals, claiming that "the trial court erred in ruling that the proceeding under 28 U.S.C. § 2241 is not the proper vehicle for the Appellant to pursue this matter." Petr.'s Br. 3.

We agree completely with the district court's reasoning as to two of Mr. Satterfield's claims, the claim of ineffectiveness and the challenge to the use of the PSR: Mr. Satterfield has not made the necessary showing that § 2255 is

inadequate. For his two challenges to his restitution order, however, we take a slightly different view: Mr. Satterfield *has* shown that § 2255 is an inadequate vehicle for bringing those claims. That is exactly what we held in his last appeal—a § 2255 motion cannot challenge a restitution amount, and is perforce "inadequate" for bringing such a challenge. Or, put another way, the rule requiring a petitioner to demonstrate the inadequacy of § 2255 only applies to the extent that the "prisoner . . . is authorized to apply for relief by motion pursuant to this section." 28 U.S.C. § 2255(e).

That does not mean that his § 2241 motion should succeed, however, or even that we should consider the merits of his challenges to the restitution order. A § 2241 motion cannot challenge Mr. Satterfield's restitution order any more than a § 2255 motion can. We have held that "a habeas petition under § 2241 may be granted only if the challenged state action 'affected the duration of the petitioner's custody.'" *Wilson v. Jones*, 430 F.3d 1113, 1120 (10th Cir. 2005) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (alterations omitted); *see also* 28 U.S.C. § 2241(c). The challenge to the restitution portion of his sentence in no way challenges his custody, so it cannot be brought under § 2241.[1] We therefore do not need to examine the validity of

---

[1] Mr. Satterfield's petition also sought relief under two jurisdictional statutes, § 28 U.S.C. § 1331, and 28 U.S.C. § 1343(4) and may also have attempted to describe an "action aris[ing] out of the United States Constitution and laws." Dist. Ct. Dkt. Doc. 1, at 1. The jurisdictional statutes do not provide

(continued...)

his collateral attack waiver.  *See United States v. Hahn*, 359 F.3d 1315, 1324–27 (10th Cir. 2004) (en banc); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003); *United States v. Cockerham*, 237 F.3d 1179, 1181–83 (10th Cir. 2001).

Mr. Satterfield's challenges to his confinement and demands for release were adequately heard under 28 U.S.C. § 2255, and his challenges that do not address his confinement cannot be heard under 28 U.S.C. § 2241.  The judgment of the United States District Court for the Western District of Oklahoma, denying Appellant's § 2241 motion, is **AFFIRMED**.  Mr. Satterfield also filed motions to supplement the record and appoint an attorney, which are **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge

---

[1](...continued)
any additional cause of action, and Mr. Satterfield does not cite, nor have we found, any other constitutional or statutory cause of action under which his restitution challenge might be brought.