**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

WILLIAM R. SATTERFIELD,

     Defendant-Appellant.

No. 09-5084
(D.C. No. 04-CR-00123-CVE-1)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

William Satterfield seeks to challenge for the fourth time his guilty plea for

conspiracy and odometer tampering, as well as his corresponding sentence of 50

months' imprisonment and payment of $1,337,000 in restitution. The district

court denied the requested relief, and we see no basis on which to disagree with

its disposition.

After entering his guilty plea, Mr. Satterfield did not file a direct appeal.

Instead, he moved the district court to reduce his sentence and vacate the

restitution order under 28 U.S.C. § 2255. The district court denied the motion

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and Mr. Satterfield appealed to this court. We granted a certificate of appealability (COA) "on the question of whether a movant may challenge the restitution portion of his sentence" by means of a § 2255 motion, but, after ultimately determining that he could not, and that the remaining issues in his petition did not warrant a COA, we dismissed Mr. Satterfield's appeal. *United States v. Satterfield*, 218 F. App'x 794, 796 (10th Cir. 2007) (unpublished).

Mr. Satterfield then sought to present the same arguments in a motion under 28 U.S.C. § 2241. The district court dismissed this application, too, and we affirmed. *Satterfield v. Scibana*, 275 F. App'x 808 (10th Cir. 2008) (unpublished).

Next, Mr. Satterfield applied to this court for permission to file a second § 2255 motion on the basis of "newly discovered evidence," in the form of a federal regulation he came across that allegedly exempted his cars from the odometer-tampering law under which he was convicted. Finding the regulation "neither evidence nor . . . newly discovered," we denied the application. *In re Satterfield*, No. 08-5089, slip op. at 2 (10th Cir. June 18, 2008).

Most recently, Mr. Satterfield filed in the district court papers styled as a motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court determined that the motion sought to challenge the validity of Mr. Satterfield's conviction and sentence, and therefore was not a true Rule 60(b) motion but one more properly denominated as another

effort to vacate, set aside, or correct his sentence under § 2255. D.Ct. Op. at 3. To file a second or successive § 2255 motion, the district court noted, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). Because Mr. Satterfield had not received permission from this court to proceed with his claim, the district court faced two options. It could transfer the action to this court to consider whether to permit the successive § 2255 motion, or it could dismiss the claim for lack of subject matter jurisdiction. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). The district court chose the latter option. D.Ct. Op. at 4.

To appeal a district court's dismissal of an unauthorized § 2255 motion in these circumstances, a petitioner must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Mr. Satterfield has applied to this court for a COA, which we may grant only if he has shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). When a district court dismisses a Rule 60(b) motion on the ground that it is actually an unauthorized § 2255 motion, we must consider whether reasonable jurists would find debatable the district court's decision to construe the motion as a motion to vacate, set aside, or correct his sentence pursuant to § 2255. *Id.* If we conclude

that no reasonable jurist would find the district court's conclusion debatable, we must deny the COA. *See id.* at 1234.

That is precisely the case we face. The district court's decision to construe Mr. Satterfield's Rule 60(b) motion as a § 2255 motion was unquestionably correct. As the district observed, the motion "in substance or effect . . . reassert[ed] a federal basis for relief from the petitioner's underlying conviction," *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)), rather than "challenged the integrity of the final order entered in his original § 2255 proceedings," *id.* at 933-34. Accordingly, we deny the requested COA. The appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge