FILED
United States Court of Appeals
Tenth Circuit

September 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JACQUELINE CHRISTINE WAYNE,

  Defendant - Appellant.

No. 09-1370

(D. Colorado)

(D.C. No. 1:08-CR-00385-MSK-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **BALDOCK**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and the appellate record, this court concluded unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, on August 3, 2010, the case was ordered submitted for disposition on the briefs.

On January 7, 2005, appellant Jacqueline C. Wayne pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. She was sentenced by the United States District Court for the Western District of Missouri to thirty-seven

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

months' imprisonment and three years of supervised release. She was also ordered to pay $208,117.04 in restitution. Wayne did not file a timely direct appeal with the Eighth Circuit Court of Appeals.

After Wayne was released from incarceration, jurisdiction over her supervision was transferred from the Western District of Missouri to the District of Colorado pursuant to 18 U.S.C. § 3605. On July 19, 2009, Wayne filed a motion in the Colorado district court captioned, "Motion to Modify Terms of Supervised Release, Stay Restitution Order and Set Aside Order of Restitution." Although styled as a motion seeking modification of the conditions of her supervised release, the motion actually challenged the legality of the methodology used by the Missouri court when it imposed restitution.[1] Wayne sought review of the restitution component of her sentence and specifically requested that "the award of restitution be set aside" in its entirety because of the alleged errors.

The district court denied Wayne's motion, concluding the issue raised therein should have been raised on direct appeal or in collateral proceedings before the time for pursuing those avenues had elapsed. The court likewise

[1]In her motion, Wayne did not ask the federal district court in Colorado to modify the terms of her supervised release by, for example, reducing the amount of her monthly restitution payment. *See* 18 U.S.C. § 3583(e)(2) (permitting a court with jurisdiction over a person on supervised release to "modify . . . the conditions of supervised release"). Instead, she argued the restitution order violated the Due Process Clause of the Fourteenth Amendment and asked that it be excised completely from the judgment. We note that the Fourteenth Amendment applies to the states and Wayne was sentenced by the federal court. We assume she intended to base her argument upon the due process protections guaranteed by the Fifth Amendment.

denied Wayne's motion for reconsideration, reiterating that it lacked jurisdiction to set aside the restitution order imposed by the Missouri court. Wayne then filed this appeal.

We agree with the district court that the challenge to the restitution order Wayne raised in her motion was required to be brought on direct appeal in the Eighth Circuit Court of Appeals. *C.f. United States v. Serawop*, 505 F.3d 1112, 1117 (10th Cir. 2007); *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003); *Satterfield v. Scibana*, 275 F. App'x 808, 809 (10th Cir. 2008); *United States v. Satterfield*, 218 F. App'x 794, 796 (10th Cir. 2007). Wayne's arguments to the contrary are fallacious. Although jurisdiction over Wayne's term of supervised release was transferred to the Colorado district court pursuant to 18 U.S.C. § 3605, Wayne has failed to identify any statute conferring jurisdiction on the Colorado court to decide the merits of the issue raised in her motion.

For substantially the same reasons relied upon by the district court, we conclude Wayne's appeal is legally frivolous. Accordingly, Wayne's motion to proceed *in forma pauperis* on appeal is **denied** and she is ordered to make immediate payment of the unpaid balance of her appellate filing fee. The Government's motion to dismiss the appeal is **granted** and the appeal is

**dismissed**.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  Wayne's motion to strike the

Government's motion to dismiss for lack of jurisdiction is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge