# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 12-3709

———————————————

Margie P. Shephard

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

—————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

—————————

Submitted: November 6, 2013
Filed: November 7, 2013
[Published]

—————————

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

—————————

PER CURIAM.

Margie P. Shephard pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit bank fraud and identity theft, in violation of 18 U.S.C. § 371; to aggravated identity theft, in violation of 18 U.S.C. § 1028(a); and to obstruction of justice, in violation of 18 U.S.C. § 1503. In addition to imposing a sentence of imprisonment and supervised release, the court ordered Shephard to pay $8,918.36

in restitution.  She later filed a motion pursuant to 28 U.S.C. § 2255 challenging her sentence based on ineffective assistance of counsel.  The district court[1] denied the motion.  Shephard appealed, and this court granted a certificate of appealability on the question of whether counsel was ineffective for failing to question the amount of the restitution order and failing to ascertain the whereabouts of certain money that was seized, which affected the amount of restitution.  The government has moved to dismiss the appeal, arguing that Shephard's challenge to the restitution order is not cognizable in a section 2255 motion.

In *United States v. Bernard*, 351 F.3d 360 (8th Cir. 2003), this court held that a federal prisoner cannot challenge the restitution portion of his sentence under section 2255, because the statute affords relief only to prisoners claiming a right to be released from custody.  Although Shephard has raised the issue in the context of an ineffective-assistance-of-counsel claim, the analysis remains the same, as some of the cases cited by *Bernard* to support its holding addressed ineffective-assistance-of-counsel claims.  *Bernard*, 351 F.3d at 361 (citing *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003); *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Smullen v. United States*, 94 F.3d 20, 25 (1st Cir. 1996)).  Shephard is not claiming a right to be released from custody, and thus, even if she could demonstrate that counsel was ineffective, the claim may not be raised in a section 2255 motion.

Shephard suggests that *Bernard* conflicts with our earlier decision in *Matheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002).  This court disagrees.  In *Matheny*, the district court ordered restitution and established a payment schedule for two criminal defendants; after the defendants started serving their sentences, the Bureau of Prisons (BOP) began withdrawing funds from their prison accounts in specified amounts on

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

a monthly basis. One of the defendants filed a petition pursuant to 28 U.S.C. § 2241 in the district in which he was incarcerated and argued that the BOP's payment scheme violated Article III of the United States Constitution, because the court had delegated its sentencing power to the BOP. *Matheny,* 307 F.3d at 711. The *Matheny* court concluded that the claim attacked the validity of the petitioner's sentence and therefore should have been properly raised in a section 2255 motion in the sentencing district. *Matheny*, 307 F.3d at 711. Significantly, this court did not address in *Matheny* whether a challenge to the restitution portion of the sentence was cognizable under section 2255, but simply put forth the more general proposition that claims attacking the validity of a sentence should be raised under section 2255 in the sentencing district. Accordingly, the portion of *Matheny* advanced by Shephard in support of her claim is mere obiter dictum. *See Passmore v. Astrue*, 533 F.3d 658, 661 (8th Cir. 2008) ("[W]hen an issue is not squarely addressed in prior case law, we are not bound by precedent through *stare decisis*. In addition, we need not follow dicta. Dicta is a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential." (alterations, citations, and quotations omitted)). This court holds, therefore, that *Bernard* did not create an intra-circuit conflict.

Accordingly, in light of *Bernard*, the government's motion is granted and this appeal is dismissed. Shephard's pending motion is denied as moot.

_____