BYE, Circuit Judge,
dissenting in part.
The superseding indictment was missing an essential element of the kidnapping charge and Boykin’s kidnapping conviction should be vacated. Therefore, I respectfully dissent from Part II.A. of the Court’s opinion.
The Court relies on Hayes v. United States, 296 F.2d 657 (8th Cir.1961), to hold the Fifth Amendment does not require an indictment to list a motive in kidnapping cases. In Hayes, the § 1201 indictment did not charge the defendant held victims for any specific reason and the Eighth Circuit determined the indictment was sufficient. The discussion of the motive element, however, was dicta. Before discussing the sufficiency of the indictment, the court found Hayes had waived the issue. Id. at 666.[7] Because the court determined the issue was waived before discussing the merits, any discussion was dicta. “[W]e need not follow dicta, Dicta is a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not prec-edential.” Shephard v. United States, 735 F.3d 797, 798 (8th Cir.2013). The dicta, from Hayes has not been followed by the Eighth Circuit,[8] and I would not follow it now.
Even assuming Hayes created precedent, any such precedent is no longer valid because intervening Supreme Court eases have changed the law on kidnapping. . See McCullough v. AEGON USA Inc., 585 F.3d 1082, 1085 (8th Cir.2009) (“A limited exception to the prior panel rule permits us to revisit an opinion of a prior panel if an intervening Supreme Court decision is inconsistent with the prior opinion.”). In Hayes, the Eighth Circuit found important that the Supreme Court had previously “laid no stress on the statutory words ‘held for ransom or reward or otherwise’ ” in setting forth the essential elements of § 1201. Hayes, 296 F.2d at 667 (citing Smith v. United States, 360 U.S. 1, 9, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959)). After Hayes was decided in 1961, the Supreme Court made clear motive is an essential element of kidnapping. United States v. Healy, 376 U.S. 75, 81, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964) (holding motive for kidnapping conviction can be pecuniary or non-pecuniary). The Eighth Circuit has since repeatedly held motive is an essential element of kidnapping. United States v. Brown, 330 F.3d 1073, 1078 (8th Cir.2003) (discussing whether government had ade *952 quately proven motive at trial); United States v. Bordeaux, 84 F.3d 1544, 1548 (8th Cir.1996) (same); United States v. McCabe, 812 F.2d 1060, 1061 (8th Cir.1987) (same). Motive is an essential element of a kidnapping conviction: if the government fails to prove motive a conviction cannot stand. “If an essential element is omitted from the indictment, then the defendant’s Fifth Amendment right to be tried on charges found by a grand jury has been violated.” United States v. O’Hagan, 189 F.3d 641, 651 (8th Cir.1998). Boykin’s Fifth Amendment right to indictment by a grand jury was violated.
I agree Boykin was sufficiently informed by the indictment of the charges against him to protect him from double jeopardy. However, the Fifth Amendment right to be tried upon charges found by a grand jury is separate from the requirement that an indictment provide notice of the offense and bar the defendant from double jeopardy. United States v. Camp, 541 F.2d 737, 739-40 (8th Cir.1976) (citing Ex Parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887)). I cannot agree the indictment complied with Boykin’s Fifth Amendment right to indictment by a grand jury because the grand jury did not “consider! ] and f[i]nd all essential elements of the offense charged.” O’Hagan, 139 F.3d at 651.
Accordingly, I would vacate Boykin’s kidnapping conviction.

. I note Hayes’ conclusion regarding the waiver is no longer good law. In United States v. Camp, 541 F.2d 737, 741 (8th Cir. 1976), the Eighth Circuit held a challenge to the sufficiency of the indictment, where it is alleged the indictment is missing an essential element of the offense, is permissible for the first time on appeal.

.The discussion in Hayes about the sufficiency of the indictment has only been cited once by the Eighth Circuit. See. Davidson v. United States, 312 F.2d 163, 165 (8th Cir.1963). In Davidson, the indictment included the language "and held for ransom, reward and otherwise,” id. at 163 n. 2, and is thus inapplicable to the present case.