FILED
United States Court of Appeals
Tenth Circuit

November 13, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SAMUEL ELLIOTT,

    Defendant - Appellant.

No. 25-2018
(D.C. Nos. 2:14-CR-03822-MLG-GBW-1
& 2:21-CV-00226-MLG-GBW)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Petitioner Samuel Elliott, a federal prisoner, requests a certificate of appealability

(COA) to appeal the district court's denial of his 28 U.S.C. § 2255 petition to vacate, set

aside, or correct his sentence. We deny a COA and dismiss this matter.

### I.    Background

Under the advice of court-appointed counsel, Mr. Elliott entered a conditional plea

to three counts of producing child pornography and four counts of possessing child

pornography. After the evidentiary hearing, the district court sentenced Mr. Elliott within

the guidelines range to 170 years' imprisonment—360 months' imprisonment for each of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the three production counts to run consecutively, and 240 months' imprisonment for each of the four possession counts, also to run consecutively. The district court also entered a restitution award against Mr. Elliot. Mr. Elliott appealed, and this court held that three of the four possession convictions violated the Double Jeopardy Clause and remanded to the district court with instructions to vacate three of the possession convictions and sentences. *See United States v. Elliott*, 937 F.3d 1310, 1312 (10th Cir. 2019). On remand, the district court sentenced Mr. Elliott to a within-guidelines sentence of 360 months' imprisonment for the production counts and 240 months' imprisonment for the remaining possession count, all to run consecutively, for a total of 110 years' imprisonment. The restitution award remained.

Mr. Elliott filed a pro se motion under 28 U.S.C. § 2255 asserting a violation of his Sixth Amendment right to counsel. The case was referred to a magistrate judge to conduct hearings and to issue proposed findings and recommendations for disposition (PFRD). The magistrate judge appointed Mr. Elliott new counsel, held an evidentiary hearing, and recommended denying Mr. Elliott's § 2255 petition on the merits and denying a COA. Mr. Elliott objected to the PFRD. After de novo review, the district court entered an order overruling Mr. Elliott's objections, adopting the PFRD in full, denying the § 2255 petition on the merits, and dismissing the case with prejudice. Following a limited remand from this court, the district court also denied Mr. Elliott a COA. Supp. R. at 13. Mr. Elliott now seeks a COA from this court.

**II.    Discussion**

To appeal, Mr. Elliott must obtain a COA.  28 U.S.C. § 2253(c)(1)(B).  To obtain a COA, the petitioner must make a substantial showing of the denial of a constitution right.  *Id.* § 2253(c)(2).  When the district court rejects "the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Elliott asserts three grounds for relief under § 2255 based on ineffective assistance of counsel.  To succeed on an ineffective assistance of counsel claim, he must demonstrate that (1) "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A counsel's performance is deficient if "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment."  *Id.* (internal quotation marks omitted).  Specifically, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  A deficient performance is prejudicial to the defendant, when the defendant shows "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  Both prongs must be met, *id.* at 687, but the court may address them in any order, *id.* at 697.  If the defendant fails to satisfy one, then the court need not address both.  *Id.*  Mr. Elliott asserts claims based on counsel's failure to challenge his restitution order, his failure to view the

3

evidence related to his sentencing, and his failure to advocate for him in plea negotiations.

Concerning the first claim, the plain language of § 2255 provides relief to prisoners claiming a right to be released from custody. 28 U.S.C. § 2255. Because § 2255 affords relief to a movant claiming a right to be released from custody, we conclude Mr. Elliott cannot challenge the restitution award by way of § 2255. *See, e.g.*, *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (concluding § 2255 "affords relief only to prisoners claiming a right to be released from custody"); *cf. Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) (observing that "the payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes" (internal quotation marks and brackets omitted)). And challenging the restitution award within an ineffective assistance claim, or together with other claims seeking release from custody, does not cure the custody requirement. *See United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (concluding relief from restitution is not a cognizable claim under § 2255 even when presented with a cognizable claim or as an ineffective-assistance claim).

As for Mr. Elliott's second and third claims, we conclude he has failed to demonstrate that reasonable jurists would find the district court's assessment of his ineffective assistance of counsel claim debatable or wrong. Mr. Elliott contends counsel was ineffective because he failed to view certain evidence when giving advice to Mr. Elliott concerning his objections at the sentencing hearing. Mr. Elliott contends the advice given "was objectively unreasonable because it was not based on an adequate

4

investigation of the relevant facts." Pet'r's Br. at 27. Mr. Elliott argues that had counsel viewed the video evidence and confirmed that the conduct in the video met the definition of penetration for purposes of determining a sentence enhancement, he would have withdrawn his objection. He also argues that counsel's failure to view the video precluded counsel from giving Mr. Elliott better advice on whether to testify about the video and planning a more effective cross-examination of the agent who testified about it. Finally, Mr. Elliott contends counsel—who admitted he would have withdrawn if asked—should have withdrawn if he did not want to conduct a reasonable investigation. In sum, Mr. Elliott asserts counsel's conduct was objectively unreasonable. We disagree. The record supports the district court's findings that counsel did not act objectively unreasonable under the circumstances. And Mr. Elliott has not established any prejudice based on counsel's alleged deficient performance. Thus, reasonable jurists would not find the district court's assessment of Mr. Elliott's constitutional claim debatable or wrong.

Mr. Elliott also argues that counsel "effectively abandoned" plea bargaining. Pet'r's Br. at 30. He claims counsel's failure to timely communicate plea offers and advocate for a plea agreement closer to the mandatory minimum—15 years' imprisonment—amounted to deficient performance. We need not consider whether counsel was deficient in his performance because in claiming ineffective assistance of counsel for a guilty plea "a defendant must establish prejudice by showing a reasonable probability that they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 147 (2012) (internal

quotation marks omitted). Mr. Elliott does not argue that he would have accepted any of the plea offers, or a plea closer to the mandatory minimum, if one had been successfully negotiated. Failure to do so is fatal to his claim. *See id.*

### III.    Conclusion

We deny Mr. Elliott a COA and dismiss this matter.

Entered for the Court

Bobby R. Baldock
Circuit Judge