# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3223
_____

Deandrea S. Gray

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 17, 2016
Filed: August 16, 2016

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Deandrea S. Gray pleaded guilty to, and was sentenced for, a crime that the stipulated facts in the plea agreement did not support. To address the error, he filed a motion "to vacate, set aside or correct the sentence." *See* 28 U.S.C. § 2255(a).

Specifically, Gray sought to withdraw his guilty plea, thus vacating the sentence, or, alternatively, to be resentenced. The district court corrected the statute of conviction but left Gray's sentence intact. Gray appeals, arguing that the district court erred in finding that he was not prejudiced by (1) his decision to plead guilty and (2) the sentence imposed. We affirm Gray's conviction but reverse and remand for resentencing.

## I. *Background*

A grand jury indicted Gray for (1) conspiring to distribute 50 grams or more of cocaine base, (2) possessing firearms in furtherance of a drug trafficking crime, and (3) possessing a firearm as a felon. Gray faced a potential sentencing range of 15 years' to life imprisonment. Gray agreed to plead guilty to a two-count information in exchange for the government dismissing all three counts of the indictment. The information charged Gray with (1) possession with intent to distribute 50 grams or more of cocaine powder, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count I"), and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count II"). The factual basis for Gray's plea agreement stated that Gray possessed 262.12 grams of powder cocaine.

At the change-of-plea hearing, the district court reviewed the terms of the plea agreement with Gray. It advised Gray that he faced a statutory range of 5 to 40 years' imprisonment on Count I. On Count II, he faced a statutory range of 5 years' to life imprisonment, to be served consecutively. Accordingly, the district court informed Gray that pleading guilty to the information exposed him to at least 10 years' imprisonment and up to a possible sentence of life imprisonment. The district court asked Gray if he was pleading guilty to the information because the result would be better than pleading guilty to the indictment. Gray answered, "Yes, Your Honor." Gray's attorney explained that after reviewing the evidence with Gray, they determined "[t]hat in all likelihood he would be found guilty beyond a reasonable doubt" on the originally indicted counts. Gray pleaded guilty to the information.

At sentencing, Gray only contested his designation as a career offender under the Guidelines. The presentence investigation report (PSR) noted that Count I carried a statutory range of 5 to 40 years' imprisonment. The PSR calculated Gray's offense level as 31 and criminal history category as VI; however, the PSR reflected that Gray's Guidelines range of 262 to 327 months was controlled by his career offender status. The district court adopted the PSR's Guidelines calculation. The government moved for a downward departure based on Gray's substantial assistance and requested a sentence between 157 and 196 months' imprisonment. Gray sought a sentence of 157 months' imprisonment. The district court sentenced Gray to a total of 190 months' imprisonment. It apportioned the sentence between Counts I and II in accordance with U.S.S.G. § 5G1.2(e), sentencing Gray to 130 months' imprisonment on Count I and the required minimum 60 months' imprisonment on Count II, to be served consecutively.

Gray directly appealed his sentence to our court, but we dismissed the appeal based on the plea agreement's appellate waiver provision. Gray then timely filed a § 2255 motion collaterally attacking his conviction and sentence before the district court that originally sentenced him under the plea agreement. The district court asked the government to show cause why relief should not be granted. In its response, the government disclosed that Gray was convicted and sentenced under an incorrect statutory subsection. The information charged Gray under 21 U.S.C. § 841(b)(1)(B), but the factual basis of the plea agreement only supported a violation of § 841(b)(1)(C). Section 841(b)(1)(B) carries a minimum statutory penalty of 5 years' imprisonment, whereas § 841(b)(1)(C) carries no minimum statutory term of imprisonment. The government acknowledged the information was erroneous, but it, nonetheless, argued that Gray was not prejudiced by the error. Gray requested that he be permitted to withdraw his guilty plea to the information or, alternatively, that the district court resentence him applying the correct statutory subsection.

The district court determined that the erroneous information was a nonstructural error subject to harmless-error review. It held that a properly informed judge would not have accepted Gray's guilty plea to § 841(b)(1)(B) based on the factual basis outlined in the plea agreement. The court found that the error prejudiced Gray because it led to a conviction of a more serious crime. Nevertheless, it determined that it could correct the error by amending the judgment to reflect the correct statute of conviction. According to the district court, this remedied any harm because it would not have sentenced Gray any differently had the information cited the correct subsection of the statute. The district court stated that it "imposed a 130-month sentence [on Count I] because it believed 130 months' imprisonment was the appropriate sentence."

The district court also determined that Gray's decision to plead guilty was not knowing and voluntary but, nonetheless, was harmless. The district court reasoned as follows:

> When Gray pled guilty to the Information he was told that his statutory range of punishment was five to forty years' imprisonment on Count One and five years to life, to be served consecutively, on Count Two. Thus, as Gray understood it, he was facing a higher minimum sentence than if the Information had actually charged him under § 841(b)(1)(C). Since Gray agreed to plead guilty to a more severe range of punishment, logic dictates he would have been willing to plead guilty to a less severe range of punishment. Gray's claim that if he had been informed of the correct, lower range of punishment he would have insisted on going to trial to make the government prove that he violated 21 U.S.C. § 841(b)(1)(B) by possessing only 262.12 grams of cocaine is based on a flawed assumption. If Gray had spurned the Government's plea deal, he would have been tried on the original, three-count indictment alleging a crack-cocaine conspiracy, not the reduced charges in the two-count Information. The plea deal was that in return for waiving his right to trial on the charges in the indictment, he could plead guilty to the reduced charges in the Information. Hence, had he known the correct sentencing range under the Information, it would not have altered his decision to plead guilty in any way.

-4-

The district court did not allow Gray to withdraw his guilty plea. It granted his § 2255 motion in part by issuing a partially amended judgment to reflect the correct statute of conviction. It also granted a certificate of appealability as to the following questions, finding that a reasonable judge might resolve them differently:

1. Whether Gray's conviction under 21 U.S.C. § 841(b)(1)(B) entitles him to withdraw his guilty plea or receive a new sentencing hearing.

2. Whether Gray knowingly and voluntarily entered his plea of guilty after being misinformed of the statutory range of punishment.

II. *Discussion*

Gray argues that the district court erred by finding that the erroneous information was harmless with respect to his decision to plead guilty as well as the sentence imposed. We review de novo a district court's ruling on a § 2255 motion. *Hodge v. United States*, 602 F.3d 935, 937 (8th Cir. 2010).

Section 2255(a) authorizes a sentencing court "to vacate, set aside or correct" a sentence that was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The claimed violation must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations omitted). Anything less is not cognizable under § 2255. *Id.* Errors in an information are nonstructural and are reviewed for harmless error. *See United States v. Allen*, 406 F.3d 940, 945 (8th Cir. 2005). "A harmless error is '[a]ny error, defect, irregularity, or variance that does not affect substantial rights.'" *Holder v. United States*, 721 F.3d 979, 999 (8th Cir. 2013) (quoting Fed. R. Crim. P. 52(a)).

A. *Decision to Plead Guilty*

It is undisputed that Gray was convicted and sentenced under the wrong statutory subsection. Gray contends that this error violated his due process rights and that he is entitled to withdraw his guilty plea. The government argues that Gray's decision to plead guilty based on the erroneous information is harmless error.

A guilty plea constitutes a waiver of constitutional rights and must be both knowing and voluntary. *Parke v. Raley*, 506 U.S. 20, 28–29 (1992). "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (citations omitted). Federal Rule of Criminal Procedure 11(b)(2) echoes this requirement. An involuntary and unknowing guilty plea is a nonstructural error, *see* Fed. R. Crim. P. 11(h), and "relief for error is tied in some way to [the error's] prejudicial effect." *See United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004) (citation omitted). On harmless-error review, "the government has the burden of proving the defendant's knowledge and comprehension of the omitted information would not have been likely to affect his willingness to plead guilty." *United States v. Gray*, 581 F.3d 749, 752 (8th Cir. 2009) (citation omitted); *see also United States v. Herndon*, 7 F.3d 55, 58 (5th Cir. 1993) (holding that where a defendant has been incorrectly informed of a mandatory minimum, the relevant "question is whether awareness of a mandatory minimum would have affected the defendant's decision to plead guilty").

The district court correctly held that Gray's guilty plea was involuntary and unknowing. At every stage leading up to and including Gray's sentencing, he was misinformed as to the correct statute of conviction. The government, however, points to Gray's and his counsel's statements at sentencing as evidence that Gray would have pleaded guilty even absent the error. We agree with the district court that the government has carried its burden in showing that the error was harmless. Had Gray gone to trial on the original indictment, he would have been exposed to a minimum

of 15 years' imprisonment. Gray acknowledged that his decision to plead guilty was because the information presented a better deal than the original indictment. His counsel's remarks likewise demonstrate that Gray's decision to plead guilty was based on his estimation that he fared better under the information than under the indictment. The erroneous information exposed Gray to a minimum of 10 years' imprisonment. Gray's actual sentencing exposure was a minimum of 5 years' imprisonment. As the district court explained, if Gray thought a minimum of 10 years' imprisonment was a better deal than a minimum of 15 years' imprisonment, he likely would consider the same true of a minimum of 5 years' imprisonment. The error in the information is not causally related to Gray's decision to plead guilty. *See Dominguez Benitez*, 542 U.S. at 85. The district court correctly determined that Gray cannot withdraw his guilty plea.

### B. *Sentence Imposed*

Alternatively, Gray argues that he is at least entitled to be resentenced under the correct subsection. The government argues that the district court fully remedied the error by amending the judgment to reflect the correct statutory subsection. Gray cannot show that the erroneous information harmed him, the government says, because the same district court that originally sentenced him clearly stated that it would have imposed the same sentence under the correct subsection.

The district court correctly determined that Gray's conviction for a more severe crime than the information supported was a prejudicial constitutional error. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (holding that any fact that increases the mandatory minimum must be proven beyond a reasonable doubt). The district court, however, incorrectly concluded that the harm did not entitle Gray to resentencing. The district court's statement—made in a § 2255 proceeding—that it would have imposed the same sentence under the correct statute does not avoid harm to Gray's substantial rights. Unlike a sentence imposed in conjunction with an erroneous Guidelines calculation, *see Sun Bear v. United States*, 644 F.3d 700 (8th

Cir. 2011) (en banc), Gray's sentence resulted from a conviction for the wrong crime. In sentencing Gray, the district court was obligated to consider such things as "the nature and circumstances of the offense," "the seriousness of the offense," "just punishment for the offense," and "the kinds of sentences available." 18 U.S.C. § 3553(a). The defendant's crime is thus a central component for calculating the correct sentence.

Additionally, before sentencing Gray, the district court was required to

(1) permit the defendant and the Government to submit affidavits and written memoranda addressing matters relevant to the imposition of such an order;

(2) afford counsel an opportunity in open court to address orally the appropriateness of the imposition of such an order; and

(3) include in its statement of reasons pursuant to subsection (c) specific reasons underlying its determinations regarding the nature of such an order.

18 U.S.C. § 3553(d). This process promotes fairness to the individual sentenced and assures that a fair sentence is imposed. In this case, given the erroneous crime of conviction, any affidavits, memoranda, or oral remarks originally considered by the district court pertained to the wrong crime. The district court, therefore, did not accurately consider the requirements of 18 U.S.C. § 3553(a) and (d) in the § 2255 proceeding when it announced that it would have imposed the same sentence regardless of the statute of conviction. A resentencing hearing will enable the district court to fully and accurately address all relevant sentencing factors. Gray is entitled to be resentenced under the correct statute.

### III. *Conclusion*

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____