# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1296
_____

Zack Zafer Dyab,

*Petitioner - Appellant*,

v.

United States of America,

*Defendant - Appellee*.
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: October 20, 2016
Filed: May 4, 2017
_____

Before WOLLMAN, SMITH,[1] and COLLOTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Zack Dyab was convicted of money laundering in 2010. Since then, he has filed three motions to vacate his sentence under 28 U.S.C. § 2255. The most recent motion asserted that he is actually innocent of the money laundering offense and

_____

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

challenged the entry of an amended judgment that adjusted the restitution order from the original judgment. The district court[2] denied the motion, and we affirm, albeit in part on different grounds.

I.

Dyab pleaded guilty in 2010 to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and money laundering, in violation of 18 U.S.C. § 1957. The court sentenced him to concurrent terms of 5 years' and 10 years' imprisonment, respectively. The court also ordered Dyab to pay approximately $6.4 million in restitution.

In 2012, Dyab sought post-conviction relief under § 2255. The district court denied his motion, and this court affirmed. *Dyab v. United States*, 546 F. App'x 601 (8th Cir. 2013) (per curiam). Dyab then sought to bring a second § 2255 motion under the guise of Federal Rule of Civil Procedure 60(b). The district court denied the motion on the ground that it was a second or successive § 2255 motion that was not authorized by the court of appeals, *see* 28 U.S.C. § 2255(h), and this court summarily affirmed.

In October 2014, the government moved to amend the restitution portion of Dyab's judgment. The motion asked the court to reflect that one of Dyab's co-conspirators, Barbara Puro, was jointly and severally liable for a portion of Dyab's restitution obligation. The government also requested that the court update the identities and addresses of certain restitution payees.

---

[2]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

The government explains that it filed the October 2014 motion electronically but did not mail a copy to Dyab. Dyab asserts that counsel who represented him in 2012 and 2013 did not forward the motion to Dyab and that he never received a copy. In November 2014, the district court amended the judgment as requested, but did not alter the total amount of restitution owed by Dyab or the amount of restitution owed to each payee.

According to Dyab, he first received notice of the amended judgment in October 2015. The next month, he filed his third § 2255 motion. The motion made two claims: (1) that the court's entry of an amended judgment violated his right to due process of law under the Fifth Amendment, because he received no notice or opportunity to be heard, and (2) that he is actually innocent of money laundering.

The district court denied the motion. The court determined that Dyab's due process rights were not violated because the amended judgment did not alter the amount of restitution that he was required to pay or the terms of his imprisonment or supervised release. The court also ruled that Dyab could not challenge his money laundering conviction because the motion was successive under § 2255(h) and untimely under § 2255(f). The court granted a certificate of appealability on both issues, and Dyab appeals. We review the district court's determinations *de novo*. *Gray v. United States*, 833 F.3d 919, 922 (8th Cir. 2016).

II.

Dyab's first claim relies on the Due Process Clause of the Fifth Amendment. He asserts that the court entered an amended judgment that modified the restitution order without ensuring that he was given notice and an opportunity to be heard. The lack of notice, he contends, also deprived him of an opportunity to appeal the amended judgment.

Whatever the merits of Dyab's due process challenge to the amended judgment, a motion under § 2255 is not the correct vehicle by which to pursue it. Section 2255(a) allows "[a] prisoner in custody . . . *claiming the right to be released*" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Dyab seeks to challenge the district court's changes to the restitution portion of his judgment. Because a dispute about restitution does not involve a claim of a right to be released from custody, a prisoner cannot challenge the restitution portion of his sentence under § 2255. *Shephard v. United States*, 735 F.3d 797, 798 (8th Cir. 2013) (per curiam); *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003).

To be sure, Dyab raises a procedural argument, rather than a direct challenge to the restitution order, but the procedural challenge is aimed ultimately at setting aside the district court's order amending his restitution obligation. Dyab is not claiming a procedural violation that interfered with a right to be released from custody. So even if Dyab could show that his due process rights were violated, he cannot obtain relief under § 2255. *See Shepard*, 735 F.3d at 798 (Sixth Amendment claim not cognizable under § 2255 where ineffectiveness of counsel allegedly affected amount of restitution); *Cunningham v. United States*, Nos. 1:14-CR-225 (LMB), 1:15-CV-1262 (LMB), 2015 WL 6160722, at *4 (E.D. Va. Oct. 20, 2015) ("Cunningham's alternative attempt to couch his restitution claims in the framework of ineffective assistance of counsel also does not merit collateral relief because '[n]on-cognizable claims do not morph into cognizable ones by osmosis.'") (quoting *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002)).

Without addressing the merits of Dyab's due process claim, therefore, we affirm the district court's rejection of that claim on the ground that it is not cognizable under § 2255. This is not to say that a district court has unlimited license to amend a restitution order to the detriment of a prisoner without giving the prisoner notice and an opportunity to be heard. The government suggests that the All Writs Act, 28

-4-

U.S.C. § 1651, may be available to remedy a violation of due process in the amendment of a restitution order. But Dyab has not proceeded on that basis, even with the assistance of experienced counsel in his brief on appeal, and the factual record was not well developed in the district court while Dyab was proceeding pro se. The district court concluded on the record available that the amended judgment incorporated only "ministerial and minor corrections." We express no view at this juncture on whether Dyab might be entitled to relief under some provision other than § 2255.

III.

Dyab also seeks to raise a claim that is unrelated to the modification of the restitution portion of the judgment. He asserts that he is actually innocent of money laundering, and that the court should set aside his conviction and sentence for violating 18 U.S.C. § 1957. When a prisoner seeks to file a second or successive motion under § 2255, he must obtain authorization from the court of appeals based on specific circumstances that are not present here. *See* 28 U.S.C. § 2255(h). The district court observed that Dyab had filed two previous § 2255 motions and ruled that his challenge to the money laundering conviction was barred as coming in a "successive motion" under § 2255(h). The court also deemed the motion untimely under § 2255(f).

Dyab responds that his motion is not successive because he is challenging a new, intervening judgment that resulted from the district court's modification of the restitution obligation. Where a "resentencing" in a state court leads to a "new judgment," an application for a writ of habeas corpus under 28 U.S.C. § 2254 challenging at least some aspects of that new judgment is not second or successive. *Magwood v. Patterson*, 561 U.S. 320, 331, 342 & n.17 (2010). Dyab contends that the amended judgment that modified his restitution obligation counts as a "new judgment." Therefore, he contends, the instant motion is the first to challenge the

-5-

new judgment, and he is not required to receive authorization from the court of appeals to challenge the money laundering conviction. *See King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015).

When considering a habeas corpus application under § 2254, "the phrase 'second or successive' must be interpreted with respect to the *judgment* challenged." *Magwood*, 561 U.S. at 333 (emphasis added). Hence the inquiry into whether a district court has entered a new, intervening judgment. A § 2255 motion is aimed at vacating, correcting, or setting aside a "sentence" rather than a "judgment," 28 U.S.C. § 2255(a), but it is well established that "[t]he sentence is the judgment" in a federal criminal case. *Berman v. United States*, 302 U.S. 211, 212 (1937). Accordingly, other courts have imported *Magwood*'s inquiry about entry of a new judgment to the § 2255 context. *E.g.*, *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010).

Not every change to a judgment results in a new sentence or judgment that wipes clean the slate of post-conviction motions previously filed. A district court modifying a sentence under 18 U.S.C. § 3582(c), for example, "does not impose a new sentence in the usual sense." *Dillon v. United States*, 560 U.S. 817, 827 (2010). A sentence modification is "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id*. at 826. As such, a sentence modification under § 3582(c) does not allow a prisoner to avoid the bar on successive § 2255 motions. *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015). Correction of a clerical or typographical error pursuant to Criminal Rule 36 likewise does not justify disregarding prior § 2255 motions in the "second or successive" calculus. Fixing typographical errors and the like does not substantively alter a prisoner's sentence, so a § 2255 motion filed after such a correction is still a challenge to the original judgment. *Marmolejos v. United States*, 789 F.3d 66, 70-71 (2d Cir. 2015).

We think the district court's order amending Dyab's judgment did not result in a new sentence or judgment. There was no substantive proceeding that adjudicated Dyab's guilt or determined the appropriate punishment. The court did not alter the amount of Dyab's restitution obligation or otherwise change Dyab's sanction. The court updated the addresses of certain restitution payees, showed a change in identity for two payees from "MERS" (a national registry of mortgages originated by others) to a specific lender, added an "also known as" name for one lender, and reflected that one of Dyab's co-conspirators, who was sentenced after Dyab, was jointly and severally liable for some of the losses. These actions are not sufficient to create a new sentence or judgment that would permit Dyab to file a successive § 2255 motion. The district court thus correctly dismissed Dyab's successive motion for lack of authorization from the court of appeals. *See* 28 U.S.C. § 2255(h).

\*     \*     \*

The judgment of the district court is affirmed.

_____