**NOT FOR PUBLICATION**



FILED

DEC 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50468 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00633-CAB-1 |
| v. | |
| JAVIER TOSHIRO TOKUNAGA-FUJIGAKI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted December 14, 2017[**]
Pasadena, California

Before: REINHARDT, GILMAN,[***] and WARDLAW, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Javier Tokunaga-Fujigaki appeals the sentence imposed upon remand because the district court's oral pronouncement at sentencing did not include a term of supervised release, but the written judgment imposed a three-year term of supervised-release. Tokunaga-Fujigaki asserts on appeal that the oral pronouncement should control and, as a result, his sentence should not include a supervised release term. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The original sentence was fully vacated, and thus the original term of supervised release was also vacated. The district court's oral pronouncement as correctly reported determines the correct sentence. It is well-settled that where there is a discrepancy between an unambiguous oral pronouncement of the sentence and the written judgment, the oral pronouncement controls. *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974). Here, the district court's oral pronouncement is unambiguous because it has only one reasonable reading, *see United States v. Allen*, 157 F.3d 661, 667–68 (9th Cir. 1998), and the district court's omission of the supervised release term in the oral pronouncement does not lead to an absurd, irrational or illegal result, *see Fenner v. United States Parole Comm'n*, 251 F.3d 782, 786–87 (9th Cir. 2001) (holding that the exclusion of a

statutorily-mandated parole term in a sentence rendered the sentence irrational, illegal, and ambiguous).

On remand, the district court shall strike the challenged supervised release term and conditions in the written judgment to conform to the oral pronouncement of sentence. *United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1204 (2016).

**REVERSED and REMANDED with instructions**.