# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4048
_____

Glenn H. Harlow

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeals from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: January 12, 2018
Filed: April 27, 2018
[Unpublished]
_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.
_____

PER CURIAM.

Glenn Harlow appeals the district court's partial denial of his 28 U.S.C. § 2255 petition. In 2006, Harlow pleaded guilty to count one, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and count two, failing to appear in violation of 18 U.S.C. § 3146. A violation of § 922(g)(1) typically carries a maximum sentence of 10 years' imprisonment, but because the district court

concluded that Harlow qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), count one carried a minimum sentence of 15 years' imprisonment. *See* 18 U.S.C. § 924(e). The second count, with an enhancement under 18 U.S.C. § 3147, carried a maximum sentence of 20 years' imprisonment to be served consecutively to count one. *See* 18 U.S.C. § 3146. At the sentencing hearing, the district court sentenced Harlow to 188 months' imprisonment—180 months on count one and a consecutive 8 months on count two.

In 2016, Harlow filed this § 2255 petition. He argued that because *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated the residual clause of the ACCA, he no longer qualified as an armed career criminal. The Government agreed, but it asked the district court to deny relief because Harlow's sentence remained below the statutory maximum for the two counts of conviction. The Government relied on two cases. In *Sun Bear v. United States*, we held that an alleged sentencing guidelines error did not present a cognizable § 2255 claim where the sentence did not exceed the statutory maximum. 644 F.3d 700, 705 (8th Cir. 2011) (en banc). In the unpublished *Olten v. United States*, we applied the *Sun Bear* doctrine in the ACCA context. 565 F. App'x 558, 561 (8th Cir. 2014) (per curiam).

The same district court judge who sentenced Harlow decided the § 2255 petition. He agreed with the Government's position and declined to reduce the term of imprisonment based on *Sun Bear* and *Olten*, but he did reduce Harlow's term of supervised release from five years to three years so that it equaled the maximum term of supervised release without the ACCA enhancement. The district court also added: "In addition, and after reviewing the record, the Court once again finds that a 188 month total term of imprisonment is an appropriate and reasonable sentence regardless of whether or not Movant qualifies for an enhancement under the ACCA."

Harlow argues that *Sun Bear* and *Olten* are distinguishable for two reasons. First, he notes that while the petitioners in *Sun Bear* and *Olten* alleged a sentencing-

guidelines and statutory error, his sentence violates the Constitution. The Government concedes that Harlow's status as an armed career criminal depended on the residual clause of the ACCA, and under *Johnson*, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The constitutional nature of the error, according to Harlow, thus renders the *Sun Bear* line of cases inapplicable. Second, Harlow says that unlike in those cases, part of his sentence did exceed the statutory maximum—the term of supervised release. He claims that the *Sun Bear* doctrine applies only where the terms of imprisonment and supervised release do not exceed the statutory maximum.

The Government offers no response to these arguments. It comes closest when it says that *Sun Bear* and *Olten* render Harlow's sentence constitutional. But Harlow raises an antecedent issue: does the *Sun Bear* doctrine even apply when a sentencing error implicates the Constitution? Some district courts, for instance, have answered in the negative. *See, e.g.*, *Jackson v. United States*, No. 00-CR-0285 (LAK), 2017 WL 1184272, at *5 (S.D.N.Y. Mar. 29, 2017). As for Harlow's argument related to the term of supervised release, the Government's brief does not address the issue. In effect, the Government asks us to extend *Sun Bear* without even acknowledging that an extension is what it seeks.[1] The Government has failed to sufficiently respond to Harlow's arguments, and we decline to do so on its behalf. *See* Fed. R. App. P. 28(b); *United States v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001) (noting that "we regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities").

---

[1]The Government also cites a variety of cases discussing "total sentencing packages," "technical" violations, and findings of harmless error on direct review. These cases neither address the issues raised by Harlow nor provide an independent basis for affirmance.

That leaves the question whether we should find the purported error harmless and affirm because the district court wrote that it "once again finds . . . a 188 month total term of imprisonment . . . an appropriate and reasonable sentence." Because we rejected a similar argument in a recent case, we think not. In *Gray v. United States*, a § 2255 petitioner had been "convicted and sentenced under an incorrect statutory subsection." 833 F.3d 919, 922 (8th Cir. 2016). After denying Gray's request to withdraw his guilty plea, we addressed his argument that he should be resentenced under the correct subsection. *Id*. at 924. We agreed with the argument, stating that the "district court's statement—made in a § 2255 proceeding—that it would have imposed the same sentence under the correct statute does not avoid harm to Gray's substantial rights." *Id.* We reasoned that the district court could not simply review the record—the "affidavits, memoranda, or oral remarks" related to a different subsection—and credibly assess Gray's sentence. *Id*. That was true even though "the same district court that originally sentenced him" presided over the § 2255 proceeding. *Id.* This logic applies here. Harlow's indictment treated him as an armed career criminal under § 924(e), and the other record materials reflect that designation. The materials note his fifteen-year minimum sentence for count one and a sentencing guidelines range increased due to the ACCA enhancement.[2] The Government offers no basis for departing from our decision in *Gray*, and we decline to do so here.

For the foregoing reasons, we reverse and remand for resentencing.

_____

[2]In fact, the judgment in the case still shows a fifteen-year sentence on count one—a sentence in excess of the statutory maximum without the ACCA enhancement. *See* 18 U.S.C. § 924(a)(2).