# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3645

_____

United States of America

*Plaintiff - Appellee*

v.

Charmar Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 15, 2018
Filed: February 15, 2019

_____

Before BENTON, BEAM, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

In 2007, a jury convicted Charmar Adonis Lareese Brown of one count of conspiring to distribute more than 1,000 kilograms of marijuana (*count 1*), one count of possessing with intent to distribute more than 100 kilograms of marijuana (*count 6*), and three counts of using and carrying a firearm during a drug-trafficking crime (*counts 2, 4, 7*). At sentencing, the district court orally sentenced him to concurrent terms of life and 480 months on counts 1 and 6, and to consecutive terms of 120

months, 300 months, and 300 months on counts 2, 4, and 7. The judgment form erroneously said that the sentence on count 6 was life.

Brown appealed. This court vacated his conviction on count 7, but otherwise affirmed. *United States v. Brown*, 560 F.3d 754, 772 (8th Cir. 2009). On remand, at the resentencing hearing, the parties agreed the court's only job was to vacate the sentence on count 7. The court entered a new judgment, removing the 300-month sentence on count 7 but leaving the other sentences unchanged. Brown did not appeal.

Brown filed his first 28 U.S.C. § 2255 motion in 2011. The district court denied it; this court denied a certificate of appealability. He filed a second 2255 motion in 2013. The district court denied it as a successive 2255 motion that the court of appeals had not authorized under 2255(h). This court denied a certificate of appealability. He filed a third 2255 motion in 2016, asserting (in part) that sentencing and resentencing counsel were ineffective for failing to object to the unconstitutional life sentence on count 6. The district court denied the motion as successive without authorization, and denied a certificate of appealability. Brown asked this court to remand or, in the alternative, to issue a certificate of appealability. This court directed the district court "to correct its judgment to reflect that Appellant Charmar Brown's sentence on Count 6 is 480 months." This court then denied the motion to remand as moot and dismissed the appeal. The district court corrected the judgment on count 6 as instructed and filed a Second Amended Judgment with a sentence of 480 months on count 6.

Brown now appeals that Judgment. He argues that it is a substantive change and a new judgment. He then seeks to raise numerous challenges to the Second Amended Judgment.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal prisoner must receive certification from the court of appeals to file a "second or

successive" 2255 motion.  **28 U.S.C. § 2255(h)**.  "Second or successive" is a question of law this court reviews de novo.  *See United States v. Sellner*, 773 F.3d 927, 931 (8th Cir. 2014).  A 2255 petition challenging a new sentence is not successive.  *See Magwood v. Patterson*, 561 U.S. 320, 339, 341-42 (2010) (If petitioner is resentenced between first and second 2254 petitions, second petition—raising claims that could have been raised in a previous petition—is not successive under 2244(b) because it is the "first application challenging that intervening judgment."); *Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) ("import[ing] *Magwood*'s inquiry about entry of a new judgment to the 2255 context.").  The inquiry is "whether a district court has entered a new, intervening judgment."  *Id.*  For a 2255 motion, "it is well established that '[t]he sentence is the judgment.'"  *Id.*, *quoting Berman v. United States*, 302 U.S. 211, 212 (1937).  If Brown's Second Amended Judgment is a new sentence, then his petition is not successive.

Brown's Second Amended Judgment is not a new sentence.  The judge orally sentenced him to 480-months' imprisonment on count 6.  "The oral pronouncement by the sentencing court is the judgment of the court."  *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994).  *See also* **Fed. R. Crim. P. 35(c)** ("As used in this rule, 'sentencing' means the oral announcement of the sentence.").  Though the written judgment said life on count 6, "when an oral sentence and the written judgment conflict, the oral sentence controls."  *United States v. Mayo*, 642 F.3d 628, 633 (8th Cir. 2011).  Here, the oral sentence of 480 months' imprisonment controlled.  This court's order directing the district court "to correct its judgment to reflect that Appellant Charmar Brown's sentence on Count 6 is 480 months" did not change the sentence.  Rather, that order ensured that the written judgment reflected his sentence of 480 months.

The district court noted that the correction was under Criminal Rule 35(a).  That was wrong.  Rule 35(a) authorizes a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within "14 days after sentencing."

**Fed. R. Crim. P. 35(a)**. The court here corrected the judgment years after sentencing. *See, e.g.*, **United States v. Medina-Mora,** 796 F.3d 698, 700 (7th Cir. 2015) ("Under Federal Rule of Criminal Procedure 35(a), the district court lost any power it may have had to correct an 'arithmetical, technical, or other clear error' in the sentence fourteen days after pronouncing sentence."); **United States v. Winfield**, 665 F.3d 107, 114 (4th Cir. 2012) (Rule 35(a) does not authorize district court to amend sentence four months later).

This court may affirm the Second Amended Judgment for any reason supported by the record. *See, e.g.*, **United States v. Price**, 851 F.3d 824, 826 (8th Cir. 2017). The district court's correction of the written judgment was authorized by Criminal Rule 36. *See* **Fed. R. Crim. P. 36** ("[T]he court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").

"Correction of a clerical or typographical error pursuant to Criminal Rule 36 . . . does not justify disregarding prior § 2255 motions in the 'second or successive' calculus." **Dyab**, 855 F.3d at 923. "Fixing typographical errors and the like does not substantively alter a prisoner's sentence, so a § 2255 motion filed after such a correction is still a challenge to the original judgment." **Id.**, *citing* **Marmolejos v. United States**, 789 F.3d 66, 70-71 (2d Cir. 2015). When this court directed the district court to correct its judgment, it was correcting an error in the record. This correction in the Second Amended Judgment did not create a new sentence for the purposes of Brown's 2255 petition. His petition is successive, and his substantive arguments are barred.

\* \* \* \* \* \* \*

The Second Amended Judgment is affirmed.

_____