# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1186

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon M. Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 24, 2020
Filed: February 27, 2020
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Brandon M. Johnson pled guilty to being a felon in possession of a firearm, and received a within-Guidelines-range sentence. In a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), Johnson questions whether his guilty plea was valid, whether the district court properly imposed an obstruction-of-justice enhancement, and whether the district court imposed a substantively reasonable sentence. At this

court's request, the parties filed supplemental briefs addressing whether the written judgment, which imposed a three-year term of supervised release, conflicts with the court's oral pronouncement of sentence. Having jurisdiction under 28 U.S.C. § 1291, this court vacates the supervised release term imposed in the written judgment, affirms in all other respects, and remands for the district court to enter a corrected written judgment.

As to the issues in the Anders brief, this court concludes that Johnson knowingly and voluntarily pled guilty. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity). The district court's comments at sentencing reflect that the court would have imposed the same sentence even if it had not applied the obstruction-of-justice enhancement. *See United States v. Davis*, 583 F.3d 1081, 1095 (8th Cir. 2009) (where district court explicitly stated it would have imposed same sentence regardless of whether defendant was career offender, any error in imposing career-offender enhancement was harmless). The district court did not abuse its discretion in sentencing Johnson. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013) (standard of review); *see also United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (within-Guidelines-range sentence is presumed reasonable).

In his supplemental brief, Johnson argues that the court's oral pronouncement of sentence—in which the court imposed a term of imprisonment but no term of supervised release—controls over the written judgment, which included a term of supervised release and various conditions of supervised release. Where an oral sentence and written judgment conflict, the oral sentence controls. *See United States v. James*, 792 F.3d 962, 971-73 (8th Cir. 2015) (if oral pronouncement of sentence and written judgment conflict, oral sentence controls; vacating special conditions of supervised release set forth in written judgment to extent they were broader than oral sentence; remanding for district court to harmonize written conditions with oral

sentence); *see also United States v. Brown*, 915 F.3d 1200, 1202 (8th Cir. 2019) (oral pronouncement of sentencing court is the judgment of the court). The government concedes that the oral sentence was not ambiguous, and the references to the supervised release term and conditions in the written judgment should be removed. This court therefore vacates the term of supervised release and supervised release conditions reflected in the written judgment and remands for the district court to enter a judgment conforming to the oral sentence. *See United States v. Tokunaga-Fujigaki*, 708 Fed. Appx. 368, 368-69 (9th Cir. 2017) (unpublished per curiam) (remanding for district court to strike supervised-release term and conditions from written judgment where oral pronouncement at sentencing did not include term of supervised release).

The term of supervised release imposed in the written judgment is vacated, the judgment of the district court is affirmed in all other respects, and the case is remanded for the district court to enter a corrected written judgment.

_____