NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3541

_____

MARCEL ANTHONY BENT,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

ON PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
(Agency No. A046-243-570)
Immigration Judge: Jeffrey Mankin

_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 18, 2021

_____

Before: SHWARTZ, MATEY, and TRAXLER, Circuit Judges.[*]

(Filed: March 19, 2021)

_____

OPINION[**]

_____

---

[*] The Honorable William Byrd Traxler, Jr., United States Circuit Judge for the Court of Appeals for the Fourth Circuit, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Marcel Anthony Bent petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying his application for withholding of removal and protection under the Convention Against Torture ("CAT").  We will dismiss the petition in part and deny the petition in part because:  (1) Bent was convicted of an aggravated felony and thus we lack jurisdiction to review factual findings related to his request for withholding of removal; (2) the IJ and BIA applied the correct legal standard in determining that his conviction was for a particularly serious crime, making him ineligible for withholding of removal; and (3) the denial of Bent's CAT claim was supported by substantial evidence.

I

Bent, a native and citizen of Jamaica, was admitted to the United States in December 1997 as a lawful permanent resident.  He was later indicted on several charges related to a racketeering enterprise involving drug trafficking, robbery, and murder, and he pleaded guilty to one count of conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d).  He was sentenced to two years' imprisonment and three years' supervised release.

Thereafter, Bent received a Notice to Appear ("NTA") in the Immigration Court. The NTA charged him with being subject to removal because he had been convicted of an aggravated felony, in violation of 8 U.S.C. § 1227(a)(2)(A)(iii).

2

After the IJ sustained the charges of removability, Bent filed, among other things, an application for withholding of removal and protection under the CAT, arguing that he would face torture for his homosexuality if he returned to Jamaica.[1] The IJ concluded that Bent's aggravated felony conviction constituted a particularly serious crime, rendering him ineligible for withholding of removal. The IJ also determined that Bent did not qualify for CAT protection because his fear of torture based on his sexuality was "speculative" and he did not provide evidence "establish[ing] that such torture would be committed by or with the consent or acquiescence of a public official." A.R. 79. Bent appealed to the BIA.

The BIA affirmed the IJ's order and dismissed the appeal. It agreed that Bent's conspiracy to commit racketeering conviction constituted an aggravated felony and a particularly serious crime, rendering him ineligible for withholding of removal. It also determined that Bent was not entitled to CAT protection because his fears were speculative.

Bent petitions for review.

---

[1] Bent also applied for asylum, but he was denied such relief and does not seek review of that ruling. Even if he did, that argument would fail because, as explained herein, he was convicted of an aggravated felony and thus is statutorily ineligible for asylum. See 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i).

## II[2]

### A

We have jurisdiction over final orders of removal under 8 U.S.C. § 1252(a)(1). With respect to orders removing aggravated felons, our jurisdiction is limited. 8 U.S.C. § 1252(a)(2)(C); accord. 8 U.S.C. § 1227(a)(2)(A)(iii). In such cases, we have jurisdiction only to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), and we review those claims de novo, Borrome v. Att'y Gen., 687 F.3d 150, 154 (3d Cir. 2012).[3] Therefore, we must first determine the scope of our jurisdiction, and that depends on whether Bent was convicted of an aggravated felony.

Bent's offense of conviction constitutes an aggravated felony. The term "aggravated felony" includes "an offense described in section 1962 of title 18 (relating to racketeer influenced corrupt organizations)," 8 U.S.C. § 1101(a)(43)(J), as well as "an attempt or conspiracy to commit" such an offense, id. § 1101(a)(43)(U). Here, Bent pleaded guilty to conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d), and was sentenced to two-years' imprisonment.[4] Accordingly, Bent's crime of

---

[2] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15.

[3] "When, as here, the BIA affirms an IJ's decision and adds analysis of its own, we review both the IJ's and the BIA's decisions." Lupera-Espinoza v. Att'y Gen., 716 F.3d 781, 785 (3d Cir. 2013) (quotation marks omitted).

[4] Bent's judgment has a typographical error in the citation to his offense of conviction, citing to "21 U.S.C. 1962(d)" instead of 18 U.S.C. § 1962, but its description of the "Nature of Offense" as a "Racketeering Conspiracy," A.R. 523, is correct. This typographical error does not alter his crime of conviction. See 8 C.F.R. § 1003.41(d) (explaining that an IJ may consider "any . . . evidence that reasonably indicates the existence of a criminal conviction"); cf. Dyab v. United States, 855 F.3d 919, 923 (8th

conviction matches a crime listed as an aggravated felony in the Immigration and Nationality Act ("INA").  Because the crime of conviction "qualifies as an aggravated felony on its face . . . there is no need to compare the elements of his conviction to the elements of a generic federal offense . . . to determine if [it] was [] an aggravated felony." United States v. Gonzalez-Corn, 807 F.3d 989, 991 (9th Cir. 2015).  Since Bent is an aggravated felon, our review of his challenge to the order denying him withholding of removal is limited to legal questions and constitutional claims.  Mirambeaux v. Att'y Gen., 977 F.3d 288, 292 (3d Cir. 2020).

B

We have jurisdiction to review Bent's argument that the IJ applied the incorrect legal standard to determine whether he was eligible for withholding of removal because it raises a legal question.  Grijalva Martinez v. Att'y Gen., 978 F.3d 860, 869 n.10 (3d Cir. 2020).  The IJ concluded that Bent was ineligible for withholding of removal because his aggravated felony was a particularly serious crime.  An alien is ineligible for withholding of removal where he "committed a 'particularly serious crime' because, in such a case, the alien is considered a 'danger to the community of the United States.'"  Flores v. Att'y Gen., 856 F.3d 280, 285 (3d Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(B)(ii)).  An aggravated felony is presumptively a particularly serious crime where "the alien has been

Cir. 2017) (noting, in the habeas context, that correcting "typographical errors . . . does not substantively alter" the judgment); United States v. Hyten, 5 F.3d 1154, 1155-57 & n.1 (8th Cir. 1993) (affirming conviction where "the judgment contain[ed] a typographical error as to [the defendant's] crime of conviction").

sentenced to an aggregate term of imprisonment of at least 5 years." 8 U.S.C. § 1231(b)(3)(B). This presumption, however, "shall not preclude the Attorney General from determining that, notwithstanding the length of the sentence imposed, an alien has been convicted of a particularly serious crime." Id. Thus, "[a]n IJ has broad discretion to determine whether a prior conviction is a particularly serious crime through a case-by-case adjudication," regardless of the sentence imposed. Grijalva Martinez, 978 F.3d at 870 (quotation marks and citations omitted). To this end, the IJ may consider "such factors as [1] the nature of the conviction, [2] the circumstances and underlying facts of the conviction, [3] the type of sentence imposed, and, most importantly, [4] whether the type and circumstances of the crime indicate that the alien will be a danger to the community." Luziga v. Att'y Gen., 937 F.3d 244, 252 (3d Cir. 2019).

Bent argues that the IJ and BIA erred as a matter of law because they considered evidence related to the full racketeering conspiracy, rather than just his role within it, which involved distribution of marijuana. Because the IJ and BIA are not limited only to the elements of the crime to determine whether it is particularly serious, see Denis v. Att'y Gen., 633 F.3d 201, 215-17 & n.22 (3d Cir. 2011) (explaining that the BIA may consider "all reliable evidence" and is not confined to "the mere elements of an offense in finding a conviction particularly serious"), and may consider the nature and circumstances of the facts underlying the conviction, the IJ and BIA properly considered the illicit enterprise's full scope, which included "narcotics trafficking, robbery,

6

attempted murder, and murder," A.R. 533.[5]  Accordingly, the BIA and IJ did not apply an improper legal standard to determine whether Bent's conviction was a particularly serious crime,[6] and thus properly concluded he was not entitled to withholding of removal.

C

The scope of our jurisdiction to review rulings on CAT claims brought by aggravated felons is broader than that permitted for reviewing their withholding claims. Grijalva Martinez, 978 F.3d at 871 n.11.  With respect to CAT claims, we may review legal and constitutional claims de novo as well as factual challenges for substantial evidence.  See Nasrallah v. Barr, 140 S. Ct. 1683, 1692, 1694 (2020) ("[For] factual challenges to CAT orders . . . [t]he standard of review is the substantial-evidence

---

[5] Moreover, Bent's participation in drug trafficking, standing alone, is presumptively a particularly serious crime.  See Lavira v. Att'y Gen., 478 F.3d 158, 161 (3d Cir. 2007) (noting that drug trafficking crimes are presumptively particularly serious crimes, even when the sentence imposed is less than five years) (citing In re Y-L-, 23 I. & N. Dec. 270, 276-77 (B.I.A. 2002)); Rendon v. Mukasey, 520 F.3d 967, 976 (9th Cir. 2008) ("[A]n aggravated felony containing a drug trafficking element is presumed to be a particularly serious crime which would make [the applicant] ineligible for withholding of removal.").

[6] To the extent Bent challenges the IJ's discretionary determination that his crime was particularly serious, we lack jurisdiction to review that finding.  See Chiao Fang Ku v. Att'y Gen., 912 F.3d 133, 144 (3d Cir. 2019) ("[A]rguments such as that an [IJ] or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)." (quoting Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007))); Bernard v. Sessions, 881 F.3d 1042, 1047 (7th Cir. 2018) (per curiam) (concluding that "[a]ttempts . . . to recharacterize the particulars of a crime raise factual, not legal issues" over which the court lacks jurisdiction).

7

standard."); Denis, 633 F.3d at 205-06 (reviewing legal and constitutional claims de novo). An "agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Nasrallah, 140 S. Ct. at 1692 (quoting 8 U.S.C. § 1252(b)(4)(B)).

An applicant for CAT relief must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). For an act to constitute torture,

> it must be: (1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for an illicit or proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions.

Myrie v. Att'y Gen., 855 F.3d 509, 515 (3d Cir. 2017). Here, Bent presented country condition reports indicating that homosexual acts are illegal in Jamaica and that there have been instances of discrimination and violence against gay men. These general reports, however, do not establish a threat of torture meriting CAT relief. See Tarrawally v. Ashcroft, 338 F.3d 180, 188 (3d Cir. 2003) (holding that country condition reports were "insufficient to demonstrate that it is more likely than not that a particular civilian, in this case [the petitioner], will be tortured" if returned to his home country). Bent did not provide any evidence of specific threats against him, arguing only that other Jamaicans he met while incarcerated in the United States used slurs against him when they found out he is gay. Additionally, Bent failed to demonstrate that he would face torture with the consent or at the acquiescence of public officials. Rather, the record

shows that the laws against homosexuality have only been enforced "in cases of sexual assault and child molestation," A.R. 216, and that Jamaica's police force has "adopted a Policy on Diversity, which includes guidelines on dealing with sexual minorities as a protected group," A.R. 385. There was therefore substantial evidence upon which the IJ and BIA could conclude that Bent was not entitled to CAT relief. See Bernard v. Sessions, 881 F.3d 1042, 1048-49 (7th Cir. 2018) (per curiam) (collecting cases and concluding a petitioner was not entitled to CAT relief despite some evidence of violence against the LGBT community in Jamaica).[7]

III

For these reasons, we will dismiss in part and deny in part the petition for review.

---

[7] Bent also argues that the IJ and BIA violated his due process rights by disregarding evidence supporting his CAT claim. Due process requires that aliens have "the opportunity to be heard at a meaningful time and in a meaningful manner," Mathews v. Eldridge, 424 U.S. 319, 333 (1976), and this includes "the right to an individualized determination of his interests." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (quotation marks and citations omitted). With respect to the right to an individualized determination, due process requires that the BIA and IJ "actually consider the evidence and argument that a party presents." Cham v. Att'y Gen., 445 F.3d 683, 693 (3d Cir. 2006) (quoting Abdulai, 239 F.3d at 549). The IJ and BIA met that standard here, as the record reflects both carefully examined the evidence, including the country condition reports.