FILED
United States Court of Appeals
Tenth Circuit

April 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANIEL F. MILLS,

    Defendant-Appellant.

No. 13-2004
(D.C. Nos. 1:12-CIV-00468-JAP-RHS
and 1:09-CR-02782-JAP-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

After Daniel Mills was convicted of being a felon in possession of a firearm and ammunition, he first filed and then withdrew a direct appeal. Apparently regretting that decision, some time later Mr. Mills filed a federal habeas petition, *see* 28 U.S.C. § 2255, seeking relief from his conviction and sentence. The district court dismissed the motion and denied Mr. Mills's request for a certificate of appealability ("COA"). Mr. Mills now seeks a COA from this court.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may grant a COA only if Mr. Mills makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because Mr. Mills proceeds in this court *pro se*, we review his pleadings with special solicitude.

Under procedural default principles, section 2255 motions "are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). Rather, "[a] defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.*

Mr. Mills had the opportunity to pursue his various claims on direct appeal, but chose not to pursue them by withdrawing his appeal. Neither does Mr. Mills attempt to meet the demanding cause-and-prejudice standard in his briefing before us. Before the district court, Mr. Mills did contend his counsel was ineffective for withdrawing the appeal, a possibility that could have provided cause. But the

magistrate judge concluded the decision to withdraw was the result of reasonable professional judgment, a conclusion the district court adopted and Mr. Mills doesn't contest. Neither, for the reasons elaborated by the magistrate judge and the district court, does Mr. Mills successfully show that a fundamental miscarriage of justice results from the failure to grant his request.

In his appeal Mr. Mills also pursues a new claim in his motion to dismiss the indictment — that he isn't a felon because his rights have been restored under New Mexico law. This argument fails, however, because he did not raise it before the district court in his original § 2255 motion as he must to preserve it for our review. *See Chase v. Crisp*, 523 F.2d 595, 597 (10th Cir. 1975) (claims not presented before the district court in habeas proceedings are waived); *Matthews v. Workman*, 577 F.3d 1175, 1188 n.5 (10th Cir. 2009) (same). And, anyway, the claim does not appear meritorious: Mr. Mills was sentenced in 2011 and New Mexico requires the passage of ten years before removal of the "felon" designation. N.M. Stat. Ann. § 30-7-16(C)(2)(a).

Mr. Mills's motion to proceed *in forma pauperis* is granted, his application for a COA is denied, and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 3 -