**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 8, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AUSTIN RAY,

    Defendant - Appellant.

No. 21-1376
(D.C. Nos. 1:20-CV-00329-MSK &
1:14-CR-00147-MSK-2)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Austin Ray, appearing pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] We deny a COA because Mr. Ray fails to show the denial

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] At the time Mr. Ray filed the underlying motion and initiated this proceeding, he was a federal prisoner at FPC Englewood. It appears Mr. Ray was released from custody on January 20, 2022, however. *See* Austin Ray No: 40401-013, Federal Bureau of Prisons: Inmate Locator, https://www.bop.gov/inmateloc (last visited May 16, 2022). Regardless, because Mr. Ray was a federal prisoner when he filed his § 2255 motion, we may consider his application for a COA. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (the petitioner must be "'in custody' at the time of filing his writ of habeas corpus," including motions under 28 U.S.C. § 2255 (emphasis omitted)); *see also United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004) (section 2255 movant

of a constitutional right, and we also deny Mr. Ray leave to proceed in forma pauperis ("IFP").

## I.    BACKGROUND

A jury convicted Mr. Ray, who primarily represented himself at trial,[2] of one count of conspiracy to defraud the United States, five counts of aiding in the preparation of a false tax return, and two counts of submitting a false tax return. Mr. Ray was sentenced to 120 months' imprisonment and a term of supervised release. This court affirmed his conviction. *United States v. Ray*, 899 F.3d 852 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1206 (2019).

---

remains "in custody" for purposes of eligibility to seek relief while serving term of supervised release).

[2] As the district court explained:

Mr. Ray was represented by the Federal Public Defender from his Indictment in April 2014 through November 2014, when the Public Defender moved [] to withdraw due to a breakdown in communications with Mr. Ray. The [c]ourt promptly appointed [] a CJA attorney, Mr. Viorst, to represent Mr. Ray. By January 2015, Mr. Ray moved [] to dismiss Mr. Viorst and proceed *pro se*. The [c]ourt granted [] that motion in March 2015, appointing Mr. Viorst to remain available as advisory and standby counsel. Mr. Ray proceeded to file numerous motions on his own behalf on a wide array of subjects and continued to represent himself up to the third day of trial. On that day, Mr. Ray requested [] that Mr. Viorst resume his representation, and Mr. Viorst promptly resumed Mr. Ray's representation through the end of trial and sentencing.

ROA Vol. I at 281 n.2. It appears the trial continued for two to three more days after Mr. Viorst resumed representation.

Mr. Ray then filed a § 2255 motion asserting the following grounds for relief: (1) the Internal Revenue Service ("IRS") illegally performed electronic surveillance at his tax business and evidence obtained from that surveillance was used to obtain a search warrant; (2) the Government failed to disclose information concerning the wiretaps at his business; (3) he was denied an opportunity to prepare a defense, specifically he was denied the right to an expert witness or to review discovery and received ineffective assistance of counsel; and (4) he was prevented from challenging the IRS calculations for loss for purposes of restitution because the district court denied his request to retain an expert. The district court denied the motion and denied a COA, explaining Mr. Ray failed to sustain the merits of his claims because they were both factually insufficient and otherwise meritless. Mr. Ray now seeks a COA to appeal the district court's order.

In his application, Mr. Ray raises only the following issues: (1) ineffective assistance of counsel and (2) denial of due process because he was unable to have an expert witness or review discovery and his advisory counsel improperly interfered during trial. We therefore consider only these issues here. *See United States v. McIntosh*, 723 F. App'x 613, 615 (10th Cir. 2018) (unpublished) (declining to consider arguments raised in a § 2255 motion when the appellant made "no substantive arguments concerning [those] rulings" in his COA application and opening brief); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

3

## II.    DISCUSSION

Mr. Ray must obtain a COA to pursue an appeal. *United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017) ("Where required, a COA is a prerequisite to this court's exercise of jurisdiction, and 28 U.S.C. § 2253(c)(1)(B) plainly requires petitioners to obtain a COA to appeal any 'final order in a proceeding under section 2255.'"). We liberally construe Mr. Ray's pro se opening brief and application for a COA. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1994). To obtain a COA, Mr. Ray must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Specifically, Mr. Ray must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Christensen*, 456 F.3d 1205, 1206 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Mr. Ray fails to make such a showing, we deny him a COA.

### A.    *Ineffective Assistance of Counsel*

To establish an ineffective assistance of counsel claim, Mr. Ray must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mr. Ray represented himself for much of the pretrial process up until the third day of trial, at which time he requested representation from his advisory counsel. Of course, "a defendant who exercises his right to appear *pro se* 'cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.'" *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984) (quoting *Faretta v. California*, 422

U.S. 806, 834 n.46 (1975)). Mr. Ray makes three arguments in support of his ineffective assistance of counsel claim: (1) prior to trial Mr. Ray's advisory counsel "complained in open court" that he "wasn't prepared to go to trial" and did not ask for a continuance; (2) his advisory counsel "refused to use the expert at trial to refute the AUSA's theory of how deductions were allowed, and also the wrong restitution that was imposed"; and (3) advisory counsel "allowed government witness testimony to go unchallenged." Appellant Br. at 6–7.

While in his COA application, Mr. Ray is somewhat more detailed in making his ineffective assistance of counsel argument, in his § 2255 motion, he merely stated there was "ineffective assistance of counsel during appointments, hybrid counsel at trial, and advisory/standby counsel." ROA Vol. I at 261. Only Mr. Ray's argument regarding the lack of an expert witness can be found anywhere in his § 2255 motion. In a section of the § 2255 motion titled "Restitution," Mr. Ray argued he "was not able to challenge the IRS calculations because he was denied his right to have an expert at trial." ROA Vol. I at 258. This argument appears in another form in his COA application under his ineffective assistance of counsel claim, in which Mr. Ray argues his advisory counsel "refused to use the expert at trial to refute the AUSA's theory of how deductions were allowed, and also the wrong restitution that was imposed." Appellant Br. at 7. Because we must liberally construe Mr. Ray's opening brief and application for a COA, we treat Mr. Ray's argument regarding the lack of an expert as preserved and address it on its merits. But where Mr. Ray did not present either of his other two ineffective assistance of counsel arguments to the district court in his § 2255 motion, we do not address them here. *United*

*States v. Mills*, 514 F. App'x 769, 770 (10th Cir. 2013) (unpublished) (concluding an argument was not preserved because it was not raised before the district court in the original § 2255 motion); *Mann v. United States*, 204 F.3d 1012, 1017 (10th Cir. 2000) (stating "arguments which are not raised below will not ordinarily be considered on appeal" and may only be considered "in the most unusual circumstances" not present here).

Mr. Ray argues that although his advisory counsel retained an expert pretrial, he refused to use that expert "to refute the [Government's] theory of how deductions were allowed, and also the wrong restitution that was imposed." Appellant Br. at 7. Mr. Ray cannot challenge a restitution award via a § 2255 motion because "he is not 'claiming the right to be released' from custody based on his claim." *United States v. Satterfield*, 218 F. App'x 794, 795 (10th Cir. 2007) (unpublished) (quoting *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (joining the "majority of circuits in holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255" and citing case law from the Second, Ninth, Fifth, Eleventh, Seventh, and First Circuits))*see also* 28 U.S.C. § 2255 ("claiming the right to be released"). Because any modification of the restitution order would not reduce Mr. Ray's term of imprisonment or supervised release, he cannot challenge the restitution award via a § 2255 motion.

Mr. Ray's argument that his counsel did not use an expert to refute the Government's theory at trial is equally unpersuasive because Mr. Ray controlled the course of much of his trial as his own representative. And Mr. Ray fails to make any argument that "the decision reached would reasonably likely have been different absent

the errors," which he is "affirmatively" required to establish. *Strickland*, 466 U.S. at 693, 696.

Even construing Mr. Ray's application liberally, he has not established ineffective assistance of counsel. He represented himself throughout the majority of his trial, and when he was represented by counsel, there is nothing in Mr. Ray's opening brief or the record to support a conclusion that his counsel provided deficient performance. Further, Mr. Ray has made no attempt to establish prejudice caused by the allegedly defective performance. For these reasons, Mr. Ray fails to make "a substantial showing of the denial of a constitutional right," as to his ineffective assistance of counsel claim. 28 U.S.C. § 2253(c)(2).

### B.    *Denial of Due Process*

Mr. Ray also argues he was denied due process because (1) he "was not allowed access to [the] previously appointed expert witness or funds to obtain expert witness after proceeding pro[] se"; (2) the district court "never allowed [Mr. Ray] to review discovery prior to trial, after pro se appointment"; and (3) his advisory counsel "chose to interrupt [Mr. Ray]" and interfered with Mr. Ray's ability to represent himself. Appellant Br. at 7–8. None of these arguments suffice to meet the COA standard.

It appears Mr. Ray repeatedly failed to follow the procedures necessary to obtain an expert, as the district court explained,

> prior to trial, Mr. Ray made several broad requests for authorization from the [c]ourt for funds to retain a variety of experts. . .The [c]ourt repeatedly advised Mr. Ray that he needed to make specific showings as to the identities of the specialists, whose services he sought to retain. . . among other things.

7

ROA Vol. 1 at 285 (internal quotation marks omitted). Mr. Ray failed to provide the district court with the requested information required for authorization of an expert, and as a result of his own failure, he did not have access to an expert witness. Mr. Ray does not address the district court's explanation. Mr. Ray instead primarily argues he "was not allowed access to [the] previously appointed expert witness," "appointed on motion filed by [advisory counsel]."[3] Appellant Br. at 7–8. He did not make this argument before the district court, and therefore we do not address it here. *Mills*, 514 F. App'x at 770; *Mann*, 204 F.3d at 1017. Given Mr. Ray's repeated failure to follow the district court's instructions to obtain an expert witness, his conclusory statement that he "was not allowed" access to an expert, is insufficient to support his argument. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (pro se litigants "must follow the same rules of procedure that govern other litigants").

As for Mr. Ray's argument that the district court "never allowed [him] to review discovery prior to trial," Appellant Br. at 8, he fails to address the district court's explanation that it "directed that Mr. Ray be transported to the courthouse on a regular basis to review the documentation here at the courthouse," and "authorized seven trips, all day, to the courthouse over the next 20 days to facilitate Mr. Ray's review of the information," with the possibility for additional trips upon request. ROA Vol. 1 at 286 (internal quotation marks omitted). The district court explained it took this step to resolve administrative difficulties with the discovery review while Mr. Ray was incarcerated.

---

[3] The record does not support Mr. Ray's claim that his advisory counsel had obtained an expert. ROA Vol. I at 4–38.

Mr. Ray did not request additional trips and, following at least one courthouse visit to review the discovery, his advisory counsel moved to have future review sessions conducted at the jail instead, which the court granted to further increase discovery access. Mr. Ray does not address these facts in his argument but instead repeats only his conclusory statement that he was not allowed access to the discovery. Without more, we cannot say Mr. Ray was denied discovery—in fact, the record indicates the district court took significant steps to ensure his access.

Finally, Mr. Ray argues his advisory counsel interfered with his right to represent himself by interrupting him during trial. Again, Mr. Ray did not make this argument before the district court and it is therefore not preserved. Regardless, the argument is meritless. To be sure, Mr. Ray is correct that he has the right to self-representation in certain circumstances, *see Faretta*, 422 U.S. 806, and that right may be "undermined by unsolicited and excessively intrusive participation by standby counsel," *McKaskle*, 465 U.S. at 177. A review of the record, however, reveals that any interaction between Mr. Ray and his advisory counsel did not "allow[] counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance," or "destroy the jury's perception that [Mr. Ray was] representing himself." *Id.* at 178 (emphasis omitted). In fact, Mr. Ray asked for his advisory counsel's full participation on day three of the trial. For these reasons, all three of Mr. Ray's due process arguments are insufficient to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

9

### III.    CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS this matter.[4]


Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[4] Mr. Ray seeks leave to proceed in forma pauperis ("IFP"). The district court did not address this issue. Mr. Ray renewed his motion with this court and represented that he remained incarcerated even after his apparent release. Because Mr. Ray falsely represented he remained incarcerated in his renewed motion for IFP, we deny the motion. Regardless, because Mr. Ray's arguments are severely undeveloped and he cannot demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we would deny him leave to proceed IFP even if he did remain incarcerated. *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008).