**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROGER BRYANT HARBIN,

    Defendant - Appellant.

No. 24-8074
(D.C. Nos. 1:24-CV-00196-SWS &
1:20-CR-00202-SWS-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

Roger Bryant Harbin, a federal inmate appearing pro se, seeks a certificate of

appealability (COA) to appeal the district court's order dismissing his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct a sentence.  A certificate of

appealability is a jurisdictional prerequisite to our appellate review.  28 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

§ 2253(c)(1); Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003).  We deny a COA and dismiss the appeal.

## Background

In 2021, Mr. Harbin pled guilty to possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1) (Count 1); carrying a firearm during and in relation to a federal drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (Count 2); and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Count 3). II R. 21–22.  Upon sentencing, the district court determined that Mr. Harbin was subject to a career-offender enhancement under U.S.S.G. § 4B1.1.  III R. 51.  Based on a downward variance on Count 1, he was sentenced to a total of 280 months' imprisonment: 220 months on Count 1, 60 months on Count 2, and 120 months on Count 3, with Counts 1 and 3 running concurrently, and Count 2 running consecutively to that.  Id. at 78–79.

On direct appeal, Mr. Harbin unsuccessfully challenged the career-offender enhancement arguing that a 2014 Wyoming conviction for possession of marijuana with intent to deliver was not a predicate offense given an intervening change in state law defining marijuana to exclude hemp.  Given the state of uncertainty in the law, his challenge could not meet the plain error test.  United States v. Harbin, 56 F.4th 843, 844 (10th Cir. 2022), cert. denied, 144 S. Ct. 106 (2023).

In his § 2255 motion, Mr. Harbin argued that his trial counsel was ineffective for (1) failing to challenge the career-offender designation at sentencing, and (2) failing to argue that his firearm charges (Counts 2 and 3) violated the Second

Amendment under New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022). IV R. 3–14.

## Discussion

To obtain a COA, Mr. Harbin must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (quotations omitted). Further, to establish ineffective assistance of counsel, Mr. Harbin was required to show deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984).

The district court's conclusion that Mr. Harbin could not show deficient performance or prejudice is not reasonably debatable. On direct appeal, we noted that neither this court nor the Supreme Court had "resolve[d] the question whether a prior state drug conviction should be defined by reference to current rather than former law[.]" Harbin, 56 F.4th at 851. And we recognized that the weight of authority appeared to reject Mr. Harbin's argument. Id. The district court further recognized that subsequent authority, though dealing with the Armed Career Criminal Act rather than the guidelines, further undercuts the argument that current law should be applied. IV R. 36–37 (citing Brown v. United States, 602 U.S. 101 (2024)).

Insofar as mounting a Bruen challenge, the district court's conclusion that counsel did not render deficient performance by failing to anticipate Bruen is not reasonably debatable. Id. at 39. Mr. Harbin was sentenced on June 9, 2021.

II R. 37.  The Supreme Court decided Bruen more than a year later, on June 23, 2022.[1]

In his opening brief and application for a COA, Mr. Harbin raises arguments which he did not raise before the district court either on direct appeal or in his § 2255 motion.  Specifically, he asserts that (1) the district court erred by failing to provide notice of its application of the § 4B1.1 career offender enhancement during Mr. Harbin's plea hearing and (2) the district court plainly erred by sentencing Mr. Harbin outside the recommended guidelines range.  Id. at 4.  However, § 2255 motions are "not available to test the legality of matters which should have been raised on [direct] appeal."  United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992).  Absent a showing of cause and prejudice or a fundamental miscarriage of justice, these points may not be raised here.  United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993).  Moreover, these points were not raised in his § 2255 motion and we decline to consider them here.  See United States v. Mills, 514 F. App'x 769, 770 (10th Cir. 2013).

---

[1] The district court, liberally construing Mr. Harbin's § 2255 motion, also considered whether appellate counsel's failure to challenge his firearm convictions under Bruen rendered appellate representation deficient.  IV R. 39.  The district court observed that Tenth Circuit precedent would have foreclosed such a challenge to Mr. Harbin's § 922(g)(1) conviction, and no precedent at the time supported an argument that his § 924(c)(1)(A)(i) conviction ran afoul to the Second Amendment.  Id. at 39–42.  This conclusion is not reasonably debatable.

We DENY a COA, DENY IFP status, and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge